UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 2 8 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

D.C. HEALTHCARE SYSTEMS, INC., )
                                                                        )
         Plaintiff,            )
                                                                     )
     v.                             )    Civil Case No. 16-1644 (RJL)
                                                                       )
DISTRICT OF COLUMBIA, *et al.*,    )
                                                                       )
         Defendants.         )

**MEMORANDUM OPINION & ORDER**
(July **27**, 2017) [Dkts. ##45, 46]

On December 27, 2016, plaintiff filed an amended complaint. Among the amendments to the complaint was the removal of AmeriHealth Caritas Health Partnership ("the Partnership") as a defendant, and the addition of language designed to meet the pleading requirements for a derivative action. On January 9, 2017, plaintiff filed a Notice of Voluntary Dismissal "to remove any perceived ambiguity regarding [the] Partnership's status as a party" and confirm "that [the] Partnership is voluntarily dismissed." [Dkt. #44]. Later that day, the Partnership moved for dismissal with prejudice, arguing that plaintiff's Notice was ineffective because plaintiff "cannot voluntarily dismiss its claims against the Partnership without leave of court." Def. AmeriHealth Caritas P'ship's Mem. in Supp. of its Mot. to Dismiss with Prejudice 1 ("P'ship's Mem.")[Dkt. #45-1]. The Partnership also moved, by separate motion, for attorney's fees. Def. AmeriHealth Caritas P'ship's Mot. for Attorney's Fees [Dkt. #46]. Upon consideration of the pleadings, relevant law, and the entire record herein, the Court will DENY the Partnership's motions.

Federal Rule of Civil Procedure 41(a)(1)(A)(i) permits a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Such notice takes immediate and final effect. "[O]nce the plaintiff has filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i), 'there is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play.'" *Miniter v. Sun Myung Moon*, 736 F. Supp. 2d 41, 45 n.7 (D.D.C. 2010) (quoting *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963) (alteration omitted)); *see also* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2363 (3d ed. 2008) ("[T]he notice is effective at the moment it is filed with the clerk."). In this case, plaintiff filed an amended complaint omitting the Partnership as a defendant, and later a notice of dismissal clarifying its intent to dismiss the Partnership through the amended complaint. The Partnership has not filed an answer or a motion for summary judgment. Thus, unless an exception applies, plaintiff has properly dismissed the Partnership and the Partnership's motions must be denied.

The Partnership counters that plaintiff's suit is a derivative action that "may be . . . voluntarily dismissed . . . only with the court's approval." Fed. R. Civ. P. 23.1(c). But this suit was not a derivative action at the time the Partnership was voluntarily dismissed; plaintiff added the derivative aspect through its amended complaint.[1] *Compare* Am.

---

[1] The Partnership now asserts that the original complaint was, under a "walks-like-a-duck" test of its own design, the functional equivalent of a derivative suit. Def. AmeriHealth Caritas P'ship's Reply 2 [Dkt. #50]. As even school children know, however, not everything that at first appears to move like a duck is, in fact, a duck. *See* Hans Christian Andersen, *The Ugly Duckling*, *in* Hans Andersen's Fairy Tales 42 (Eric Vredenburg ed., 1898) ("'Oh,' said the mother [duck], 'that is not a turkey; how well he uses his legs, and how upright he holds himself! He is my own child[.]'"). Here, although the original complaint does assert claims on behalf of an entity in which the plaintiff owns shares, it is clear on the face of the complaint that

2

Compl., at 53 [Dkt. #41] *with* Compl., at 45 [Dkt. #1]. That document also omitted the Partnership as a defendant, and as the Partnership acknowledges, "[c]ourts have treated dropping a defendant from an amended complaint as a voluntary dismissal pursuant to Rule 41." P'ship's Mem. 2; *see also, e.g.*, *Webb v. Green Tree Servicing, LLC*, No. 11-2105, 2011 WL 6141464, at *12 (D. Md. Dec. 9, 2011) ("[T]o be effective, withdrawal of a claim need not take the particular form of a document captioned 'Notice of Voluntary Dismissal.'"). This sequencing—dropping the Partnership when the derivative action was brought—means that no derivative action was ever brought against the Partnership. Thus, Rule 23.1(c) does not require plaintiff to obtain the Court's permission to dismiss the Partnership from this suit.

Nor does Rule 66 require plaintiff to obtain an order from the Court. That Rule applies to "[a]n action in which a receiver has been appointed." Fed. R. Civ. P. 66. Although the Partnership claims that Rule 66 is triggered by plaintiff's naming as a defendant a receiver appointed by Superior Court of the District of Columbia, federal courts have long understood that this Rule is "not at all appropriate to an appointment by a state court." *Bicknell v. Lloyd-Smith*, 109 F.2d 527, 528–29 (2d Cir. 1940) (Hand, J.); *see also* 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2982 (2d ed. 1997) ("Rule 66 applies exclusively to equity receivers and only to those that are appointed by federal courts."). No receiver has been appointed by this Court or any other

---

the plaintiff sought to join that entity as an involuntary plaintiff under Rule 19, and not as a nominal defendant in a derivative action under Rule 23.1. Moreover, as the Partnership itself previously argued when it seemed advantageous, the original complaint failed to comply with the pleading requirements of Rule 23.1(b) in that it was not a verified complaint. *See* Mem. in Supp. of Defs. AmeriHealth Caritas D.C., Inc., AmeriHealth Caritas P'ship, and AmeriHealth Caritas Health Plan's Mot. to Dismiss 37 [Dkt. #35].

3

federal court. Thus, Rule 66 does not require plaintiff to obtain the Court's permission to dismiss the Partnership from this suit.

Because plaintiff properly dismissed the Partnership, the Partnership's motion to recover attorney's fees pursuant to 42 U.S.C. § 1988(b) must also be denied. Section 1988(b) allows only a "prevailing party" to obtain attorney's fees. Because plaintiff voluntarily dismissed the Partnership, the Partnership is not a prevailing party. *See, e.g., Guttenberg v. Emery*, 68 F. Supp. 3d 184, 191 (D.D.C. 2014) (holding voluntarily dismissed party not a prevailing party entitled to attorney's fees). The dismissal "leaves the parties as if the action had never been brought." *Estate of Grant v. Armour Pharm. Co.*, No. 04-1680, 2007 WL 172316, at *3 (D.D.C. Jan. 23, 2007); *accord* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2367 (3d ed. 2008). Thus, the Partnership cannot obtain attorney's fees, and counsel, frankly, should have known better than to try and shoehorn this case into Rule 23.1(c) or Rule 66 in order to do so.

Accordingly, it is hereby

**ORDERED** that Defendant AmeriHealth Caritas Partnership's Motion to Dismiss with Prejudice [Dkt. #45] is **DENIED**; and it is further

**ORDERED** that Defendant AmeriHealth Caritas Partnership's Motion for Attorney's Fees [Dkt. #46] is **DENIED**.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge